**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| HAM INVESTMENTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-495C |
| | ) | (Judge Braden) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff, HAM Investments, LLC, and defendant, the United States, respectfully submit the following joint preliminary status report:

a. Jurisdiction

Plaintiff invokes this Court's jurisdiction under the Assignment of Claims Act, 31 U.S.C. § 3727, 41 U.S.C. § 15, for an alleged wrongful payment made by the Government. Defendant disagrees that the Assignment of Claims Act is jurisdictional, but otherwise is not aware of a basis upon which to challenge the Court's jurisdiction at this time.

b. Consolidation

At the present time, the parties agree that this case should not be consolidated with any other case.

c. Bifurcation

Assuming the case proceeds to trial, the parties are not presently aware of any reason why this case should be bifurcated.

d. Deferral

At present, the parties are not aware of any reason that this case should be deferred.

e. Remand/Suspension

The parties do not request that this action be remanded or suspended at this time.

f. Joinder

Neither party seeks to join additional parties at this time.

g. Dispositive Motions

One or both parties may move for summary judgment pursuant to RCFC 56.

h. Relevant Issues

Plaintiff brings this suit to recover alleged wrongful payments made by the United States Army ("Army") to a prime contractor, Fire Security Systems, Inc. ("FSS"). Contract no. DAKF23-99-C-0347 ("the contract") was awarded on September 30, 1999 by the Army's Directorate of Contracting at Fort Campbell, Kentucky, to FSS. The contract was for the upgrade of sprinkler systems in several buildings at Fort Campbell.

In September 2003, during contract performance, plaintiff mailed to the Army a notice of assignment referencing the contract and FSS. The notice of assignment was signed by plaintiff, but not by FSS. Attached to the notice of assignment was a document entitled "Assignment of Specific Accounts Receivable," dated September 5, 2003, in the amount of $70,000, signed by both FSS and the plaintiff. The Army did not recognize this document as a valid assignment pursuant to the Assignment of Claims Act, 31 U.S.C. § 3727, 41 U.S.C. § 15. After investigating the status of plaintiff, the Army determined that plaintiff was not a bank, trust company, or other financing institution as required by the Assignment of Claims Act. The Army continued to make contract payments to FSS, and eventually paid the contract balance to FSS.

Plaintiff alleges that the assignment of claims from FSS was proper and that any

payments made to FSS after the Army's receipt of the assignment document were wrongful. Plaintiff also alleges that conversations between its representative, Harold Hollenshead, and the contracting officer and the contracting officer's representative, led it to believe that the assignment was accepted and being processed. Plaintiff alleges that the statements and actions of the Army representatives constitute an acceptance of the assignment, and that it justifiably relied upon the statements and actions of said representatives. Plaintiff seeks the contract balance due to FSS as of October 1, 2003, an amount not to exceed $70,000, plus interest.

i. Settlement

The parties will continue to consider the possibility of an amicable resolution of this matter as discovery progresses.

j. Trial

As outlined above, one or both parties may move for summary judgment pursuant to RCFC 56. If dispositive motions are not submitted, or if any such motions are not completely dispositive of this action, the parties anticipate proceeding to trial. The parties do not request expedited trial scheduling. At this time the parties anticipate the trial would take place in Shreveport, Louisiana.

k. Electronic Case Management

The parties have no special issues regarding electronic case management needs.

l. Additional Information

There is no additional information of which the Court should be aware at this time.

m. Proposed Discovery Plan

The parties intend to conduct simultaneous discovery through interrogatories, requests for

admission, requests for production of documents, depositions, and subpoenas duces tecum and for deposition. The parties propose the following discovery schedule:

| | |
|---|---|
| Exchange of Initial Disclosures: | April 18, 2008 |
| Close of Fact Discovery: | September 2, 2008 |
| Deadline for Filing Dispositive Motions for Defendant: | October 3, 2008 |
| Deadline for Filing Disposition Motions for Plaintiff and/or Response to Defendant's Motion: | November 3, 2008 |

Respectfully submitted,

s/Russell O. Brabham
RUSSELL O. BRABHAM, Esq.
688 Boardwalk Boulevard
Building A
Bossier City, LA 71111
Tel: (318) 742-9090

Attorney for Plaintiff

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ Dawn S. Conrad
DAWN S. CONRAD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-2279

Attorneys for Defendant

Dated: March 7, 2008

CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of March, 2008, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Dawn S. Conrad